JACOB F. WYCKOFF, Respondent, *against* JOHN B. DEVLIN, Appellant.

(Decided May 18th, 1883.)

The provision of section 1628 of the Code of Civil Procedure—that while an action to foreclose a mortgage upon real property is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought,—does not prohibit a junior mortgagee who has filed a notice of claim to surplus moneys arising upon foreclosure of a prior mortgage, and is a party to proceedings for the distribution of such surplus, from bringing, without leave of court, an action to recover the debt secured by his mortgage.

APPEAL from a judgment of the General Term of the Marine Court of the city of New York affirming a judg-

ment of that court entered upon the decision of a justice upon a trial by the court without a jury.

Prior to April 14th, 1881, the New York Life Insurance Company had a mortgage upon certain premises owned by the defendant, and the plaintiff having become liable as indorser upon certain promissory notes of the defendant, the latter made mortgages to secure the plaintiff upon the same premises upon which the New York Life Insurance Company held such prior mortgage.

The defendant did not pay the said notes as they became due, and the plaintiff as the indorser thereof took them up and became the owner and holder thereof.

The New York Life Insurance Company subsequently commenced an action to foreclose the said prior mortgage against the defendant and plaintiff herein and others, and such proceedings were thereupon had that the said premises were sold under a judgment of foreclosure and sale, and a large surplus remained after satisfying the decree of foreclosure and sale.

The defendant and plaintiff filed notice of claim to such surplus, and the defendant instituted proceedings to obtain such surplus moneys, and upon consent a referee was appointed to ascertain the priority of the liens of the respective claimants upon such surplus moneys.

Subsequent to said order of reference, and while the proceedings duly commenced before the said referee were still pending and undetermined, this action and others were commenced in the Marine Court upon the notes held by the plaintiff, without any leave having been given by the court.

Judgment having been rendered in favor of plaintiff, an appeal therefrom was taken by defendant to the General Term of the Marine Court, which affirmed the judgment; and from the judgment of the General Term defendant appealed to this court.

*Wm. H. Arnoux*, for appellant.—The surplus moneys

were, as between the parties hereto, real estate, and are governed by the laws and practice relating thereto (Thomas on Mortgages 368; *Fliess* v. *Buckley*, 22 Hun 551; aff'd, 15 Week. Dig. 540; *Dunning* v. *Ocean Nat. Bank*, 61 N. Y. 503). Whether as between executors and next of kin this is so, is wholly unimportant in determining this case.

The filing of the notice of claim by the plaintiff was in legal effect the commencement of a foreclosure suit against the mortgaged premises (Gen. Rules of Practice, Rule 64).

It was the intention of the law, in providing for the foreclosure of mortgages, and the subsequent proceedings relating to surplus moneys, to provide a complete and exclusive method to obtain the moneys due to the parties thereto (Revisers' Note to Code Civ. Pro. § 1628; *Bergen* v. *Carmen*, 79 N. Y. 151; *Livingston* v. *Meldrum*, 19 N. Y. 441; *Fliess* v. *Buckley*, 22 Hun 551; *Equitable Life Ins. Soc.* v. *Stevens*, 63 N. Y. 341; *Scofield* v. *Doscher*, 72 N. Y. 491; *Moller* v. *Tuska*, 87 N. Y. 166).

*W. I. Butler*, for respondent.—At common law a party could resort to all the remedies he had, until one satisfaction was obtained (*Gambling* v. *Haight*, 59 N. Y. 354; *Webb* v. *Van Zandt*, 16 Abb. Pr. 190; see 2 E. D. Smith 541, and note; *Gillette* v. *Smith*, 18 Hun 10; *Schaef* v. *O'Brien*, 7 Week. Dig. 349). The only statutory regulation on the subject is that contained in section 1628 of the Code; which by its intent as well as its language is confined to a provision that where a plaintiff voluntarily commences an *action* to foreclose a mortgage on real property, no other action shall be commenced by such plaintiff for the debt referred to in his complaint, he having the right in the foreclosure action to obtain a personal judgment (see *Comstock* v. *Drohan*, 8 Hun 373 ; 72 N. Y. 9). The section refers to but one debt; it says "*the* mortgage debt;" this can refer but to one debt in one action; it evidently refers to the debt due the plaintiff in the foreclosure action on which a personal judgment can be had (see Code Civ. Pro. § 1633).

Wyckoff v. Devlin.

The surplus proceedings were not a new action, nor in fact were they any action. They were special proceedings distinct in their nature from a foreclosure action ; no costs are taxable therein ; they are not commenced by a summons; and they are not litigations between a plaintiff and a defendant (Code Civ. Pro. §§ 3333–3338).

The surplus moneys are not "real property," except in a limited sense, and only for such limited purposes. They go to the legal representatives and next of kin, and not to the heir, except possibly in case of infants, etc., when special statutory provision is made (Redfield Surr. Pr. 2d ed. 407, and note).

VAN BRUNT, J.—[After stating the facts as above.]— It is undoubtedly true that the surplus moneys were, as between the parties, real estate, and were to be distributed as such, and that the position of the plaintiff in respect thereto was that of mortgagee.

But the position and claim of the defendant, that the filing of a notice of claim by the plaintiff herein was in legal effect the commencement of a foreclosure suit against the mortgaged premises, cannot be sustained. The plaintiff had lost his lien of record by reason of the foreclosure of the prior mortgage and sale of the premises mortgaged, and for the purpose of reinstating the lien against the surplus moneys which he would have had upon the land the sale of which produced these surplus moneys if it had not been sold, the plaintiff filed his notice of claim.

The defendant thereupon commenced proceedings to obtain these surplus moneys, and the plaintiff herein appeared in those proceedings to defend his lien which was assailed by the defendants, and consented to the appointment of a referee, whose appointment the defendant was entitled to demand as a matter of right.

If the plaintiff herein had not filed his notice of claim and appeared in the proceedings instituted by the defendant herein to obtain said surplus moneys, he would have lost all claim to the proceeds of the property which had been

mortgaged to him as his security; and he was, as far as appears by this record, in no way connected with these proceedings in relation to these surplus moneys except so far as it was necessary to maintain the lien which his mortgage gave him thereon. Consequently he could not, in any sense, be called a plaintiff in those proceedings. The language of the Code is very plain and pointed and can only apply to the case of a plaintiff in an action of foreclosure.

Even if the plaintiff had commenced these proceedings the provision of the Code would not apply.

The reasons which are given by courts for the adoption of the provisions of the Revised Statutes which are incorporated in the Code above referred to, show conclusively that the prohibition of section 1628 of the Code was never intended to apply to any case except where a judgment for deficiency could be obtained in the proceedings to enforce the lien of the mortgage.

In the case of *The Equitable Life Insurance Company* v. *Stevens* (63 N. Y. 341), the court say that, before the Revised Statutes were enacted, "a separate suit at law was necessary for the recovery of the deficiency when one arose, and the creditor had the right to institute proceedings at law upon the bond, even during the pendency of the foreclosure suit. The debtor was thus subjected to a double litigation. The provisions of the Revised Statutes now in question were enacted for the express purpose of abolishing this oppressive course of proceeding. . . . . . One object of the statute was to compel the creditor to elect his tribunal, and to protect the mortgagor from the unnecessary expenses of proceedings in more than one tribunal."

It is apparent from the above that the whole policy of the law in this respect is founded upon the fact that in the foreclosure action which he has commenced the creditor can obtain all the relief to which he is entitled, and therefore he should not be allowed to resort to another tribunal.

But in respect to proceedings to determine priorities of liens upon surplus moneys, this reason entirely fails. Un-

less the surplus equals or exceeds the claim of the creditor, the creditor cannot obtain all the relief to which he is entitled. He cannot obtain any judgment for deficiency, and the legislature never intended that a creditor should be restrained in the prosecution of his legal rights who had never had and never could have had any other method of enforcing them: It is only in the case where he has had the opportunity in an action commenced to prosecute, and he has failed to do so, that he is restrained.

This rule, in cases where the surplus moneys exceed the amount of the claim of the creditor, may work a hardship, but it would be so manifestly unjust in the great majority of cases that the legislature have not, in the adoption of the section above referred to, given even a hint that they intended to extend the application of the rule to any case where full relief could not be granted. To extend the language of this section to cases of proceedings to ascertain the priority of liens upon surplus moneys, would be carrying judicial legislation to an extent which has never been attempted up to the present time, bold as the courts have been in many instances in this respect.

The judgment appealed from should be affirmed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.