■ TORSOE BROTHERS CONSTRUCTION CORP., Respondent, v DENNIS C. McKENZIE et al., Appellants, et al., Defendant. [706 NYS2d 188] —In an action to foreclose a mortgage, the defendants Dennis C. McKenzie and Patricia T. McKenzie appeal from an order of the Supreme Court, Orange County (Murphy, J.), entered November 18, 1998, which granted the plaintiff's motion for summary judgment against them and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff commenced the instant action to foreclose a mortgage when a judgment against the defendant Biagio Guiliano obtained in a prior action based on his personal guarantee was returned unsatisfied on March 10, 1997. The plaintiff named Dennis C. McKenzie and Patricia T. McKenzie as defendants in this action because they had purchased a portion of the subject realty from Guiliano after the commencement of the prior action. The McKenzies seek dismissal of the complaint insofar as asserted against them, contending that it is barred by the Statute of Limitations.

CPLR 204 (a) provides that "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced". Here, the plaintiff was prohibited, by both an order dated September 13, 1994, and RPAPL 1301, from commencing the instant action until the prior action was either stayed or concluded with an unsatisfied judgment (*see, Central Trust Co. v Dann*, 85 NY2d 767; *Presi-*

*dent & Directors of Manhattan Co. v Callister Bros.,* 256 App Div 1097). When the interval between the prior order dated September 13, 1994, and the date on which the prior judgment was returned as unsatisfied is subtracted from the period separating Guiliano's original default on the guarantee from the commencement of this action, it is clear that this action was commenced in a timely manner against the McKenzies (*see,* CPLR 213 [4]).

The appellants' remaining contentions are without merit. O'Brien, J. P., Ritter, Sullivan and Smith, JJ., concur.