■ AVON DEVELOPMENT ENTERPRISES CORP. et al., Appellants, v ROBERT L. SAMNICK, ESQ., Respondent. [730 NYS2d 295] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered August 18, 2000, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for partial summary judgment, unanimously reversed, on the law, without costs, defendant's motion denied and plaintiffs' motion for partial summary judgment granted as to defendant's liability, and the matter remanded for further proceedings.

The motion court improperly denied plaintiffs' motion for partial summary judgment on the ground that plaintiffs could

not establish that they would have been successful in the underlying action but for defendant attorney's failure to prepare an answer on their behalf. "To prevail in an action for legal malpractice, the plaintiff must show that the attorney was negligent and that 'but for' the attorney's negligence the plaintiff would have prevailed in the underlying case." (*Pacesetter Communications Corp. v Solin & Breindel*, 150 AD2d 232, 233, *lv dismissed* 74 NY2d 892.) Here, there is no question that defendant was negligent. Even if plaintiffs did forward the complaint after they were already in default, there is no question that had defendant promptly determined at that point that service had been effected, he could have forestalled the entry of a default judgment and submitted an answer on plaintiffs' behalf. Further, the record reveals that plaintiffs would have prevailed as to some of their claims. Specifically, the underlying action was untimely as to the causes of action on the demand loans. The Statute of Limitations on a note payable on demand runs from the date the loan is made (*Phoenix Acquisition Corp. v Campcore, Inc.*, 81 NY2d 138, 143; *Environics, Inc. v Pratt*, 50 AD2d 552). By the time the underlying action was commenced against plaintiffs, the six-year statute had run.

We further find that defendant may not rely on the doctrine of collateral estoppel to preclude litigation of this action. The doctrine does not apply to bar relitigation of a pure question of law (*see, American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 439; *Matter of Department of Personnel v City Civ. Serv. Commn.*, 94 AD2d 5). Here, plaintiffs are at least entitled to relitigate the question of when a cause of action accrues for Statute of Limitations purposes on loans payable on demand. Further, collateral estoppel "is grounded on concepts of fairness and should not be rigidly or mechanically applied" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). Thus, a former client should not be precluded from rearguing issues decided adversely to him or her because of the negligence of the client's attorney. By the very nature of his argument, the aggrieved client is claiming that he or she did not have a full and fair opportunity to litigate those issues. Here, at the time when the motion court made the initial determination of default, plaintiffs were represented by defendant and it was defendant's negligence that prevented them from setting forth their defense. It would be inequitable to permit defendant, under such circumstances, to rely on collateral estoppel. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.