LISA PHALEN-SOBOLEVSKY, Appellant, v W. PATRICK MULLIN, Respondent. [811 NYS2d 506]—

Appeal from an order of the Supreme Court, Onondaga County (Norman W. Seiter, Jr., J.), entered December 14, 2004 in an action pursuant to RPAPL article 15. The order denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15 seeking judgment discharging a mortgage that she gave to defendant as security for a debt in the amount of $7,784.45. Supreme Court properly denied plaintiff's motion seeking summary judgment. Plaintiff met her initial burden on the motion by establishing that more than six years had elapsed since her default when the mortgage became due, and thus that a mortgage foreclosure action commenced by defendant would ordinarily be time-barred (*see* CPLR 213 [4]; *Corrado v Petrone*, 139 AD2d 483, 484-485 [1988]). Defendant, however, submitted evidence establishing that he timely commenced an action in Syracuse City Court to recover the debt and that the action is pending. By virtue of RPAPL 1301, defendant was prohibited from commencing a foreclosure action during the pendency of the City Court action (*see Gizzi v Hall*, 309 AD2d 1140, 1141 [2003]; *Dollar Dry Dock Bank v Piping Rock Bldrs.*, 181 AD2d 709, 710 [1992]; *Wyoming County Bank & Trust Co. v Kiley*, 75 AD2d 477, 480 [1980]), and thus the statute of limitations is tolled pursuant to CPLR 204 (a) "until the [City Court] action [is] either stayed or concluded with an unsatisfied judgment" (*Torsoe Bros. Constr. Corp. v McKenzie*, 271 AD2d 682, 682 [2000]). Evidence that plaintiff has a defense to the City Court action, i.e., discharge of the debt in bankruptcy, does not establish that the action is no longer pending or that the toll of CPLR 204 (a) is no longer in effect. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.