Citimortgage, Inc. v Ramirez (2020 NY Slip Op 07970)





Citimortgage, Inc. v Ramirez


2020 NY Slip Op 07970


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

531159

[*1]Citimortgage, Inc., Appellant,
v
Jose Ramirez, Respondent.

Calendar Date: November 16, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Reynolds Fitzgerald, JJ.


Akerman LLP, New York City (Jordan M. Smith of counsel), for appellant.
The Legal Project, Albany (Debra J. Willsey of counsel), for respondent.



Mulvey, J.
Appeal from an order of the Supreme Court (Versaci, J.), entered January 15, 2020 in Schenectady County, which granted defendant's motion to dismiss the complaint.
In September 2003, defendant, in exchange for a loan to purchase a residence, executed a note secured by a mortgage on that real property. The note and mortgage were later assigned to plaintiff. After defendant failed to make some payments, on May 5, 2010 plaintiff commenced a foreclosure action against defendant, which Supreme Court (Drago, J.) dismissed on October 30, 2013 for failure to prosecute. In April 2015, Supreme Court (Buchannan, J.) denied plaintiff's motion to vacate the dismissal. In 2017, plaintiff commenced a second foreclosure action. Supreme Court (Versaci, J.) dismissed that action as time-barred, as the statute of limitations on the mortgage foreclosure claim began to run on May 5, 2010 — the date the mortgage was accelerated — and expired in May 2016. The court also discharged the mortgage.
In May 2019, plaintiff commenced the present action, seeking a money judgment against defendant in the amount of the unpaid balance of the note. Defendant moved pre-answer to dismiss the complaint on the grounds that it was barred by, among other things, the doctrine of res judicata and the statute of limitations. Supreme Court, finding that plaintiff is collaterally estopped from relitigating the issue of whether the statute of limitations period was tolled, granted defendant's motion and dismissed the complaint (see CPLR 3211 [a] [5]). Plaintiff appeals.
Collateral estoppel does not bar this action. A finding of collateral estoppel requires that "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits" (Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015] [internal quotation marks and citations omitted]; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199 [2008]). However, the doctrine of collateral estoppel "does not apply to bar relitigation of a pure question of law" (Avon Dev. Enters. Corp. v Samnick, 286 AD2d 581, 582 [2001]; see American Home Assur. Co. v International Ins. Co., 90 NY2d 433, 440 [1997]). Generally, determinations as to statutes of limitations — including which statute applies and whether any toll interrupts the running of the applicable statute — constitute questions of law, although a factual question may exist regarding the proper calculation under the circumstances (see Avon Dev. Enters. Corp. v Samnick, 286 AD2d at 582; cf. Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d at 200; compare Saphir Intl., SA v UBS Paine Webber Inc., 25 AD3d 315, 316 [2006] [noting that, in situations involving discovery of a condition, the statute of limitations issue is a mixed question of law [*2]and fact]).
Here, plaintiff does not dispute Supreme Court's determinations that the statute of limitations is six years, that it began to run on May 5, 2010 with the commencement of the first foreclosure action and that plaintiff's acceleration of the mortgage debt and the debt was never decelerated. The question of whether the statute was tolled during the pendency of the first foreclosure action constitutes a purely legal question. Thus, collateral estoppel does not bar relitigation of that question (see Avon Dev. Enters. Corp. v Samnick, 286 AD2d at 582).
The doctrine of res judicata also does not preclude this action.[FN1] Under that doctrine, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Matter of Hunter, 4 NY3d 260, 269 [2005]). Under the transactional analysis approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (id. [internal quotation marks and citations omitted]; see Maki v Bassett Healthcare, 141 AD3d 979, 981 [2016], appeal dismissed, lv dismissed and lv denied 28 NY3d 1130 [2017]). "[R]es judicata bars not only those claims that were actually litigated previously, but also those which might have been raised in the former action" (Bernstein v State of New York, 129 AD3d 1358, 1359 [2015] [internal quotation marks and citations omitted]; accord Piller v Princeton Realty Assoc. LLC, 173 AD3d 1298, 1303 [2019]). However, "[t]he holder of a note and mortgage may proceed at law to recover on the note or proceed in equity to foreclose on the mortgage, but must only elect one of these alternate remedies" (Gizzi v Hall, 309 AD2d 1140, 1141 [2003]; see Kodsi v Scotto, 170 AD3d 1357, 1358 [2019]; Wells Fargo Bank, N.A. v Goans, 136 AD3d 709, 709 [2016]). Due to this required election of remedies, plaintiff could not have raised a cause of action to recover on the note in the context of the second foreclosure proceeding. Accordingly, the outcome of that foreclosure proceeding does not have res judicata effect so as to bar the current action to recover on the note.
Moving to the statute of limitations defense, defendant had the initial burden to establish that the statutory time had expired (see Matter of Steinberg, 183 AD3d 1067, 1070 [2020]). If that burden was met, the burden shifted to plaintiff to "raise a question of fact as to whether the statute of limitations has been tolled" (id. [internal quotation marks and citation omitted]). Whether the present action is viewed as an action on a note secured by a mortgage or as an action on a contractual obligation, the statute of limitations is six years (see CPLR 213 [2], [4]). That statute of limitations commenced on May 5, 2010, when the loan was accelerated by the first foreclosure action, and the loan was never [*3]decelerated (see U.S. Bank N.A. v Creative Encounters LLC, 183 AD3d 1086, 1086-1087 [2020], appeal dismissed 35 NY3d 1062 [2020]). Defendant met his burden of establishing that this 2019 action, commenced more than six years after the statute of limitations began to run, is time-barred absent a tolling provision (see CPLR 213).
With the burden shifted, plaintiff relies on the interplay of two statutes to establish a toll. CPLR 204 (a) provides that, "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." "[T]his rule has strong roots in the equitable principle that plaintiffs should not be penalized for failing to assert their rights when a court or statute prevents them from doing so" (Lubonty v U.S. Bank N.A., 34 NY3d 250, 258 [2019]). "[A] toll operates to compensate a claimant for the shortening of the statutory period in which it must commence — or recommence — an action, irrespective of whether the stay has actually deprived the claimant of any opportunity to do so" (id. at 256 [emphasis omitted]). Courts have held that a statute that acts as a "blanket ban on filing or continuing lawsuits" constitutes a stay subject to the tolling provision of CPLR 204 (a) (id. at 255). For example, the Court of Appeals concluded that the automatic bankruptcy stay provided for in federal law (see 11 USC § 362 [a] [1]) constitutes a "statutory prohibition" under CPLR 204 (a) even though "an aggrieved party may seek relief from the automatic stay by application to the bankruptcy court," because "the need to seek judicial relief from the automatic stay means the creditor is otherwise prohibited from proceeding, and there is no guarantee that the bankruptcy court will favorably exercise its discretion" (Lubonty v U.S. Bank N.A., 34 NY3d at 255, citing 11 USC § 362 [d] [1]).
The statute that plaintiff relies on, in conjunction with CPLR 204 (a), is RPAPL 1301 (3), which provides that, while an action for a mortgage debt "is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." The purpose of RPAPL 1301 (3) is "to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Central Trust Co. v Dann, 85 NY2d 767, 772 [1995] [internal quotation marks, emphasis and citation omitted]; see Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930 [2011]). Similar to the ability to request relief from a stay under the bankruptcy statute, although under RPAPL 1301 (3) a creditor may seek leave of court to commence another action to recover a part of a mortgage debt, "the need to seek judicial relief from the . . . stay means the creditor is otherwise prohibited from proceeding, and there is no guarantee that [*4]the . . . court will favorably exercise its discretion" (Lubonty v U.S. Bank N.A., 34 NY3d at 255). Furthermore, the toll during a stay due to a "statutory prohibition" under CPLR 204 (a) has been held to apply to the provisions of RPAPL 1301 (see Phalen-Sobolevsky v Mullin, 26 AD3d 806, 807 [2006]; Torsoe Bros. Constr. Corp. v McKenzie, 271 AD2d 682, 682-683 [2000]). Hence, although defendant met his initial burden of demonstrating that the statute of limitations had expired, plaintiff established that the statute was tolled during the pendency of the first foreclosure action, from May 2010 to October 2013. Accordingly, plaintiff's commencement of this action in May 2019 was timely.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and motion denied.



Footnotes

Footnote 1: The res judicata issue, as framed by the parties' arguments, is limited to whether Supreme Court's ruling on statute of limitations grounds — in its order disposing of the second foreclosure action — bars the current action.