## Rouge v U.S. Bank Trust N.A.

2024 NY Slip Op 33540(U)

October 7, 2024

Supreme Court, New York County

Docket Number: Index No. 152023/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. JUDY H. KIM</u>      PART      **04**

*Justice*

------------------------------------------------------------------------------X

FRANCOISE ROUGE,

         Plaintiff,

     - v -

U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL
TRUSTEE FOR CABANA SERIES III TRUST, BOARD OF
MANAGERS OF THE ALLEGRO CONDOMINIUM

         Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152023/2022 |
| MOTION DATE | 08/17/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48

were read on this motion for        <u>SUMMARY JUDGMENT(AFTER JOINDER)</u> .

Upon the foregoing papers, plaintiff's motion for summary judgment is granted for the reasons set forth below.

In this action, plaintiff seeks a declaratory judgment, pursuant to RPAPL 1501(4), that the mortgage against 62 West 62nd Street, Apt. 20D, New York, New York 10023 held by defendant U.S. Bank Trust National Association as Legal Trustee For Cabana Series III Trust ("US Bank") and the promissory note secured by this mortgage are invalid and unenforceable. Defendant interposed an Answer asserting various affirmative defenses and a counterclaim for breach of contract on the subject promissory note (NYSCEF Doc. No. 6).

## FACTUAL BACKGROUND

Plaintiff purchased 62 West 62nd Street, Apt. 20D, New York, NY 10023 (the "Premises"), a condominium apartment, in 1996. Between 2004 and 2007, plaintiff executed three mortgages

**152023/2022 ROUGE, FRANCOISE vs. U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL
TRUSTEE FOR CABANA SERIES III TRUST ET AL
Motion No. 001**

**Page 1 of 6**

1 of 6

encumbering the Premises, which mortgages were consolidated with their attendant promissory notes on September 21, 2007 (the "Mortgage") and recorded with the New York City Register on October 22, 2007 under CRFN 2007000532316 (NYSCEF Doc. No. 23).

On May 11, 2011, defendant's predecessor-in-interest commenced an action to foreclose on the Mortgage in the New York County Supreme Court, NRZ Pass-Through Trust IV, U.S. Bank National Association as Trustee v. Francoise Rouge et al, under index number 810148/2011 (the "Prior Action"). The Prior Action was dismissed in January 2020, for lack of personal jurisdiction, which dismissal was, effectively, affirmed on appeal by the Appellate Division, First Department in November 2021 (NRZ Pass-Through Tr. IV v Rouge, 199 AD3d 466 [1st Dept 2021])

Plaintiff now moves for summary judgment on her complaint, asserting that the six-year statute of limitations on any action to foreclose the Mortgage ran on May 11, 2017. US Bank opposes, arguing that the statute of limitations was tolled during the pendency of the Prior Action.

## DISCUSSION

Plaintiff's motion for summary judgment is granted. "Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (Daldan, Inc. v Deutsche Bank Natl. Tr. Co., 188 AD3d 989, 990 [2d Dept 2020]). The statute of limitations for commencing such a foreclosure action is six years (CPLR 213[4]).

Plaintiff has met her prima facie burden with evidence that she is the current owner of the property and that the statute of limitations began to run on May 11, 2011—when US Bank's predecessor-in-interest commenced the Prior Action, thereby accelerating the full amount of the subject debt—and elapsed on May 11, 2017, precluding any new action to foreclose on the

**152023/2022   ROUGE, FRANCOISE vs. U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL          Page 2 of 6
TRUSTEE FOR CABANA SERIES III TRUST ET AL**
**Motion No.  001**

[* 2]                                                                              2 of 6

Mortgage (See Daldan, Inc. v Deutsche Bank Natl. Tr. Co., 188 AD3d 989, 990-91 [2d Dept 2020]).

In opposition, US Bank notes that CPLR 204(a), directs that "[w]here the commencement of an action has been stayed by a court or by a statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced" but argues, incorrectly, that RPAPL 1301(3) is a statutory prohibition under CPLR 204(a) such that the statute of limitations for a further action to foreclose the Mortgage was tolled during the pendency of the Prior Action. In fact, RPAPL 1301(3) expressly disclaims its use in this manner, as it states that:

> While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought. The procurement of such leave shall be a condition precedent to the commencement of such other action and the failure to procure such leave shall be a defense to such other action … This subdivision shall not be treated as a stay or statutory prohibition for purposes of calculating the time within which an action shall be commenced and the claim interposed pursuant to sections two hundred four and two hundred thirteen of the civil practice law and rules.

(RPAPL 1301[3] [emphasis added]).

Accordingly, defendant's "contention that RPAPL 1301(3) operated as a statutory prohibition for the purpose of determining when the statute of limitations began to run is without merit"[1] (Citimortgage, Inc. v Ford, 186 AD3d 1609, 1610 [2d Dept 2020]; see also Daldan, Inc. v Deutsche Bank Natl. Tr. Co., 188 AD3d 989, 990-91 [2d Dept 2020]). Neither does US Bank's citation to the Court of Appeals' decision in Lubonty v U.S. Bank N.A., 34 NY3d 250, 252 (2019), alter this conclusion. As US Bank acknowledges, Lubonty involved an express statutory prohibition in the form of 11 USC §362 while no such statutory prohibition pertains here.

---

[1] While the Third and Fourth Departments of the Appellate Division have reached a contrary conclusion (See CitiMortgage, Inc. v Ramirez, 192 AD3d 70, 74-75 [3d Dept 2020]; Phalen-Sobolevsky v Mullin, 26 AD3d 806 [4th Dept. 2006]), for the reasons set forth above, the Court adheres to Appellate Division, Second Department precedent on this issue.

**152023/2022   ROUGE, FRANCOISE vs. U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL          Page 3 of 6
TRUSTEE FOR CABANA SERIES III TRUST ET AL
Motion No.  001**

3 of 6

Accordingly, plaintiff's motion for summary judgment on her complaint is granted, as is that branch of plaintiff's motion to dismiss defendant's counterclaim for breach of contract, since this claim is time-barred.

Finally, Plaintiff's motion to dismiss defendant's affirmative defenses is also granted. Defendant's first, second, fourth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses "plead conclusions of law without supporting facts" (See 170 W. Vil. Assoc. v G & E Realty, Inc., 56 AD3d 372, 372-373 [1st Dept 2008]), while defendant's third affirmative defense, for unjust enrichment, does not lie in this action arising out of valid written contract (See Knox v Countrywide Home Loans, Inc., 205 AD3d 792, 793 [2d Dept 2022]).

Accordingly, it is

**ORDERED** that plaintiff's motion for summary judgment is granted; and it is further

**ORDERED** and **ADJUDGED** that the mortgage, dated September 21, 2007 and recorded in the Office of the City Register of the City of New York on October 22, 2007 as CRFN 2007000532316, in favor of JPMorgan Chase Bank, N.A. and assigned to U.S. Bank Trust National Association as Legal Trustee for Cabana Series III Trust on June 3, 2019, under CRFN 2019000189617, as well as the component mortgages recorded under CRFN 2005000067197, CRFN 2007000338426, CRFN 2007000338427, and CRFN 200700053, are hereby vacated, cancelled, and expunged from the public record, and are void and unenforceable against the property at 62 West 62nd Street, Apt. 20D, New York, New York 10023 (Block 01114, Lot 1189); and it is further

**152023/2022   ROUGE, FRANCOISE vs. U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL**          **Page 4 of 6**
**TRUSTEE FOR CABANA SERIES III TRUST ET AL**
**Motion No.  001**

4 of 6

[* 4]

**ORDERED** and **ADJUDGED** that U.S. Bank Trust National Association as Legal Trustee for Cabana Series III Trust and its successors and assigns are forever barred from asserting any claim to or interest in the premises by virtue of the cancelled mortgage; and it is further

**ORDERED** that the New York City Register and the New York County Clerk's Office shall, upon payment of proper fees, to cancel, discharge, strike, and remove the promissory note recorded in the New York City Register on June 17, 2019 under CRFN 2019000189617, as well as the component notes recorded in CRFN 2005000067197, CRFN 2007000338426, CRFN 2007000338427, and CRFN 2007000532315; and it is further

**ORDERED** that the County Clerk of New York County is directed to cancel and discharge all Notices of Pendency filed against Block 01114, Lot 1189 in this action and in the New York State Supreme Court, New York County action <u>NRZ Pass-Through Trust IV, U.S. Bank National Association as Trustee v. Francoise Rouge et al</u>, Index No.: 810148/2011, and said Clerk is hereby directed to enter upon the margin of the record of same a Notice of Cancellation referring to this Order; and it is further

**ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of entry on defendants; and it is further

**ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

**152023/2022   ROUGE, FRANCOISE vs. U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL**          **Page 5 of 6**
**TRUSTEE FOR CABANA SERIES III TRUST ET AL**
**Motion No.  001**

5 of 6

*Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the court.

_____
10/7/2024
**DATE**

_____
**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152023/2022  ROUGE, FRANCOISE vs. U.S. BANK TRUST NATIONAL ASSOCIATION AS LEGAL TRUSTEE FOR CABANA SERIES III TRUST ET AL**
**Motion No.  001**

Page 6 of 6

6 of 6

[* 6]